UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 09-192-JBC

ALBERTA KATHERINE WHALEN,                                                PLAINTIFF,

V.

LORD & MOSES, LLC,                                                              DEFENDANT.

**MEMORANDUM OPINION AND ORDER**

This matter is before the court upon the defendant Lord & Moses, LLC's motion to dismiss for lack of subject-matter jurisdiction (R. 16) and counter-claim for costs and attorney fees (R. 23). Because the plaintiff signed an enforceable arbitration agreement that does not exclude claims for wrongful discharge, this court is not the proper venue for the plaintiff's claims and will grant the defendant's motion to dismiss. The defendant's counter-claim is without merit, and this court will deny it.

**I.    Background**

Alberta Whalen was employed by Lord & Moses, LLC at Evergreen Memory Gardens when she allegedly suffered an on-the-job fall because her manager required her to move around the Gardens during a dangerous storm. Whalen claims that as a result of the fall, she suffered serious physical injury, pain and suffering, emotional distress, and lost income. She also alleges that the defendant refused to

process her request for worker's compensation benefits and retaliated against her pursuit of those benefits with hostile treatment followed by wrongful discharge.

The defendant contests this court's jurisdiction on the basis that the plaintiff agreed to binding arbitration, and seeks dismissal under Federal Rule of Civil Procedure 12(b)(1). At issue is the "At-Will Employer Acknowledgment" signed by the plaintiff on November 24, 2008.

## II. Analysis

Both federal and Kentucky law favor the enforcement of arbitration agreements. *See Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003); *Kodak Mining Co. v. Carrs Fork Corp.*, 669 S.W.2d 917, 921 (Ky. 1984). The presumption of arbitrability is particularly applicable to broad arbitration clauses like the one at issue where the plaintiff agreed, with limited exceptions, that "any and all disputes…[will be] decided by binding arbitration." *United Steelworkers of Am. v. Mead Corp., Fine Paper Div.*, 21 F.3d 128, 131-32 (6th Cir. 1994).

Despite this presumption, "[b]efore compelling an unwilling party to arbitrate, the court must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 1994).

### A. A Valid Agreement to Arbitrate Exists

A valid agreement to arbitrate exists between the plaintiff and defendant.

On November 24, 2008, the plaintiff signed both the first and second pages of the "At-Will Employer Acknowledgment." On the second page, where the disputed arbitration provisions are located, the plaintiff affirmed that "I have read the above, am familiar with its terms and agree that my relationship with my employer shall be governed thereby."

"It is the settled rule in Kentucky that one who signs a contract is presumed to know its contents, and that if [she] has an opportunity to read the contract which [she] signs [she] is bound by its provisions, unless [she] is misled as to the nature of the writing which [she] signs, or [her] signature has been obtained by fraud." *Sears, Roebuck & Co. v. Lea*, 198 F.2d 1012, 1015 (6th Cir. 1952). There is no evidence that the plaintiff was misled or that the defendants exercised fraud or undue influence in procuring her signature. *See Langley v. Credit Suisse First Boston Corp.*, 89 Fed. Appx. 938, 947 (6th Cir. 2004) (holding "the record is devoid of any inequitable conduct" on defendant's part in connection with the plaintiff's signature).

> The "Notice to Employees" section sets forth the arbitration agreement:
>
> By signing this agreement, you are agreeing to have any and all disputes between you and your company (Except those specifically excluded in section 2 about and those otherwise excluded by applicable law. Of any) decided by binding arbitration and you are waiving your right to a jury or court trial.

The plaintiff's allegation that she unknowingly and unintentionally entered into the arbitration agreement falls flat. Section three, "Legal Counsel/Cost," allocates

costs related to potential arbitration between the parties. It mentions "the outcome of the arbitration," "cost pertaining to the arbitration," and also "that the arbitrator may award attorneys' fees to the prevailing party . . . ." Moreover, the "Modifications" provision at the bottom of the page mentions the "above provisions pertaining to arbitration." In fact, three of the five paragraphs above the "Modifications" section concern arbitration in some way or another. The plaintiff simply cannot plead ignorance of a straightforward arbitration mandate corroborated by numerous arbitration references on a single page, to which she expressly agreed.

The plaintiff suggests that poor drafting by the defendant renders the agreement invalid. She complains of "fundamental language and grammatical flaws such that the document does not intelligibly mandate arbitration contractually as a matter of law." Without question, the arbitration agreement is imprecisely edited: the exclusions are in section 1, not section 2, and the words "about" and "[o]f" should have been "above" and "if." But these errors do not nullify the clear intent of the parties that this is an agreement to arbitrate employment disputes, with certain exclusions or exceptions.

While it is true that "[a]n arbitration agreement may be invalidated for the same reasons for which any contract may be invalidated, including forgery, unconscionability, and lack of consideration," the plaintiff has not established any such legitimate reasons for invalidating it. *Fazio v. Lehman Bros., Inc.*, 340 F.3d

386, 393-94 (6th Cir. 2003)(noting also that state law principles of contract formation should be applied when determining whether a valid agreement to arbitrate exists). She relies only on the general principle that ambiguities are to be construed against the drafter. *See B. Perini & Sons v. S. Ry. Co.*, 239 S.W.2d 964, 966 (Ky. 1951). Such reliance is misplaced; although the plaintiff asserts that certain mistakes prevented her from forming the intent and possessing the knowledge to enter into the agreement, she presents no evidence to support that. The most pertinent provisions effectively convey the parties' intent that disputes would be resolved through arbitration, and the plaintiff has not established any defenses to contract formation. Because of these provisions, and in light of the strong policy favoring arbitration, the court finds that a valid agreement to arbitrate exists.

  **B. The Dispute Falls Within the Scope of the Agreement**

Second, the dispute falls within the substantive scope of the employment agreement. The issue is whether the arbitration provision clearly exempts the plaintiff's claims. It does not. Under no reading of the agreement is there an express provision which would exclude the plaintiff's claims from the arbitration process. *United Steelworkers*, 21 F.3d at 132.

"A fundamental rule in the construction of contracts is to determine the intention of the parties from the contract as a whole . . . ." *Meacham v. Louisville & N. R. Co.*, 169 S.W.2d 830, 832 (Ky. Ct. App. 1943). The plaintiff's signed

5

agreement on the second page of the document, which contained numerous references to arbitration, evidences the parties' intent to submit almost all of their disputes to binding arbitration.

Section one, "Exclusions," provides that four types of claims will not be governed by the agreement: workers' compensation claims; claims for unemployment benefits; and claims to enforce non-competition or confidentiality agreements. Section two, "Notification/Timeliness of Claims," provides that claims not brought within the year are waived. The most logical reading of the contract as a whole is that in the arbitration agreement in the "Notice to Employees" section, the defendant intended to reference section one, "Exclusions," rather than the waiver provision of section two. The result of such a construction is that all disputes are to be arbitrated except workers' compensation and unemployment benefits claims, covenants not to compete, and confidentiality agreements.

The "Exclusions" provision thus does not exclude the plaintiff's wrongful discharge action, even though she styled it as a violation of the Kentucky Workers Compensation Act. Only upon a showing of the most forceful evidence of a purpose to exclude wrongful discharge claims from the broad arbitration clause will this court remove the plaintiff's claims from the arbitration requirement. *Masco Corp. v. Zurich American Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004). While this court is careful not to override the clear intent of parties simply because of a policy favoring arbitration, no such forceful evidence to exclude plaintiff's claims from

arbitration exists here. *See Glazer v. Lehman Bros., Inc.*, 394 F3d 444, 450 (6th Cir. 2005). A claim for discharge in retaliation for seeking workers' compensation claims is a wrongful discharge claim, not one for workers' compensation. *Firestone Textile Co. v. Meadows*, 211 S.W.3d 730, 734 (recognizing a claim for retaliatory discharge "when the discharge is motivated by the desire to punish the employee for seeking the [workers' compensation] benefits to which he is entitled by law"). The only forceful evidence is of the parties' intent to exclude four categories of claims from the arbitration agreement, and the plaintiff's claims do not fall within any of those categories.

The "Notice to Employees" is a compulsory arbitration provision that divests this court of jurisdiction to decide the merits of the plaintiff's claims since this court has determined they are within the scope of the arbitration agreement. *See United Steelworkers*, 21 F.3d at 132-33. The plaintiff bears the burden of establishing jurisdiction, and granting the motion to dismiss is proper only if the plaintiff can prove no set of facts which would entitle her to relief. *U.S. ex rel McKenzie v. BellSouth Telecomm., Inc.*, 123 F.3d 935, 938 (6th Cir. 1997). Because the plaintiff's claims are arbitrable, the plaintiff can prove no set of facts which would entitle her to relief in this court at this time.

### III. Counterclaim

The defendant counter-claims for costs and attorney fees pursuant to the signed agreement between the plaintiff and defendant. Under Kentucky law,

attorney fees are not awarded as costs absent an express statutory or contractual provision. *Motorists Mut. Ins. Co. v. Glass*, 996 S.W.2d 437, 455 (Ky. 1997). The only discussion of costs or fees in the instant arbitration agreement is section three, "Legal Counsel/Cost," which states:

> Each party may retain legal counsel and shall pay its own cost and attorneys' fees, regardless of the outcome of the arbitration; provided however, that the arbitrator may award attorneys' fees to the prevailing party when expressly authorized by status to do so. All other cost pertaining to the arbitration shall be paid by the company.

As the instant action is not an arbitration proceeding, that provision is inapplicable, and as there are no other provisions in the signed agreement relating to costs or fees, the defendant's counterclaim fails. The defendant points to no other statutory or contractual entitlement to such fees or costs.

**IV. Conclusion**

Accordingly, **IT IS ORDERED** that Lord & Moses, LLC's motion to dismiss for lack of subject-matter jurisdiction (R. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall proceed to arbitration pursuant to the terms of the Agreement.

**IT IS FURTHER ORDERED** that defendant's counter-claim for attorney fees (R. 23) is **DENIED**.

**IT IS FURTHER ORDERED** that the telephonic status conference scheduled for November 12, 2009, is **CANCELED.**

Signed on  November 9, 2009

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY